1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAISAKU SUZUKI and KAZUYA OMOTO, | CASE NO. 2:21-cv-01229-TL |
| Plaintiffs, | ORDER |
| v. | |
| MARINEPOLIS USA, INC.; MARINEPOLIS CO., LTD.; MITSUYOSHI INOHARA; and ICHIRO MACHIDA, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' "Certificate as to Service and Request for Additional Time to Serve to Complete Hague Service" (Dkt. No. 13), which the Court interprets as an *ex parte* motion for an extension of time to serve Defendants with the Amended Complaint (the "Motion"). Having considered the Motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiffs' request for an extension of time

ORDER - 1

to serve and retroactively Grants Plaintiffs leave to amend their complaint for the reasons explained herein.

I.    **Background**

Plaintiffs commenced this action on September 9, 2021, with the filing of their original Complaint. Dkt. No. 1. A summons for each Defendant was issued the next day. Dkt. No. 3. No proof of service of the Complaint was ever filed on the docket; nor has any Defendant appeared in the action. On December 28, 2021, Plaintiffs filed an Amended Complaint (Dkt. No. 8) that the Court notes did not comply with Local Rule 15.

On January 20, 2022, this Court issued an order noting Plaintiffs' failure to indicate whether service of process of the Complaint had been timely completed and whether their Amended Complaint was timely and properly filed. Dkt. No. 10, at 1–2. The Court directed Plaintiffs to file proofs of service for the original Complaint or move for an extension of time to serve it. Dkt. No. 10, at 2. The Court also directed Plaintiffs to move to amend or, if such a motion was unnecessary under Federal Rule of Civil Procedure 15(a), to file proofs of service or move for an extension of time to serve it. *Id.*

Plaintiffs have failed to provide the Court with an explanation of their seeming failure to serve the original Complaint within the required 90 days and whether they are entitled to file the Amended Complaint as of right under the Federal Rules of Civil Procedure. Rather, Plaintiffs now simply move to request an extension of time to serve their Amended Complaint. Dkt. No. 13, at 2. Specifically, Plaintiffs certified that they intended to have served Defendant Marinepolis USA, Inc. by the end of the day on February 3, 2022, and requested an extension of time to serve the remaining Defendants, who are purportedly located in Japan, through the International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters (the "Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. *See* Dkt. No. 13, at 1–2.

## II.    DISCUSSION

A plaintiff ordinarily must serve a defendant with the complaint within 90 days of its filing. Fed. R. Civ. P. 4(m). If this time period lapses without service, the court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* (emphasis added). This 90-day limit "does not apply to service in a foreign country," *id.*, but a plaintiff also does not have "an unlimited time" for such service, and the Court may set a reasonable time limit. *See, e.g.*, *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015).

Separately, a party may only amend a complaint as of right, without permission of the other parties or the court, if the amendment falls within 21 days after service (or in certain other circumstances that do not apply here). Fed. R. Civ. P. 15(a)(1). Otherwise, a complaint may only be amended "with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). A court "should freely give leave when justice so requires." *Id.*

Here, despite the Court's warning, Plaintiffs have failed to show that they timely served or attempted to serve Defendants, including the U.S. Defendant entity subject to the 90-day time limit under Federal Rule of Civil Procedure 9(m). *See* Dkt. No. 13. Plaintiffs have also failed, despite the Court's order, to show that their Amended Complaint was properly filed as of right, *i.e.*, within 21 days of service of their original Complaint on Defendants. *See id.*

Given Plaintiffs' failures to comply with the Federal Rules of Civil Procedure and this Court's prior order, it would be within the Court's discretion to dismiss all or part of this action or impose other sanctions. *See, e.g.*, Fed. R. Civ. P. 4(m); LCR 11(c). However, this case remains in its early stages, and no Defendant has yet appeared in the case (and Plaintiffs have not

indicated that any Defendant was served with the original Complaint). Further, to promote judicial efficiency and avoid an unnecessary dismissal and re-filing of a case, the Court finds good cause to exercise its discretion and retroactively grant Plaintiffs leave to amend their Complaint, under Federal Rule Civil Procedure 15(a)(2).  The Court will also grant Plaintiffs' "request" for additional time to serve the Amended Complaint. However, Plaintiffs' counsel are reminded of their duty and obligation to abide by the Federal Rules of Civil Procedure, the Local Civil Rules, this Court's orders, and all other applicable law, as well as of the possibility of sanctions for failure to comply with such laws.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1) Plaintiffs are retroactively GRANTED leave to amend their Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). The Amended Complaint filed on December 28, 2021 (Dkt. No. 8) will serve as Plaintiffs' first amended complaint.

(2) Plaintiffs' motion for an extension of time to serve the Amended Complaint is GRANTED. **By March 28, 2022 (*i.e.*, within ninety (90) days of the filing of the Amended Complaint),** Plaintiffs shall both: (*i*) serve the Amended Complaint on any domestic Defendant and file proof of service or waiver of service; and (*ii*) take all steps necessary to serve the remaining foreign Defendants in accordance with the Hague Convention, such as transmitting the necessary documents to the Central Authority of Japan within the allotted time. *See* Hague Convention, art. 3.

1    IT IS SO ORDERED.

2    Dated this 7th day of February 2022.

3

4    _____
     Tana Lin
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24