1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

DAISAKU SUZUKI and KAZUYA
OMOTO,

CASE NO. 2:21-cv-01229-TL

12

Plaintiffs,

ORDER GRANTING MOTION
TO EXTEND TIME FOR SERVICE

13

v.

14

15

MARINEPOLIS USA, INC.;
MARINEPOLIS CO., LTD.;
MITSUYOSHI INOHARA; and ICHIRO
MACHIDA,

16

Defendants.

17

18

19

20

21

22

This matter comes before the Court on Plaintiff's Motion to Extend Time for Service (the

"Motion to Extend"). Dkt. No. 29. Having considered the relevant record and having found this

matter suitable for decision without oral argument, *see* Fed. R. Civ. P. 78(b), the Court hereby

GRANTS the Motion to Extend for the reasons explained below.

23

24

ORDER GRANTING MOTION
TO EXTEND TIME FOR SERVICE - 1

# I.   BACKGROUND

This case arises out of an employment dispute that Plaintiffs bring against their former employers, Defendants Marinepolis USA, Inc. ("Marinepolis USA") and Marinepolis Co., Ltd. ("Marinepolis Japan"), and two individuals formerly associated with the two Marinepolis entities, Defendants Mitsuyoshi Inohara and Ichiro Machida (together, the "Individual Defendants"). Dkt. No. 8, at 2–4 (amended complaint). While Marinepolis USA is located in the United States, the remaining three Defendants are located in Japan. *Id.* at 2–3; Dkt. No. 13, at 2 (Plaintiff's certification of service).

On February 7, 2022, the Court ordered Plaintiffs, in relevant part, to "take all steps necessary to serve . . . foreign Defendants in accordance with the Hague Convention" by March 28, 2022.[1] Dkt. No. 17, at 4. On March 29, 2022 (the day after the deadline), Plaintiffs filed a status report regarding service of process in which they explained the efforts that had been made to serve Defendants. Dkt. No. 25. On May 1, Plaintiffs filed this Motion to Extend, requesting a retroactive extension of the time to serve foreign Defendants.[2] Dkt. No. 29. Defendant Marinepolis USA Inc. did not file any response to the Motion to Extend.

Plaintiffs represent that they took all the steps necessary on their end to serve Marinepolis Japan in accordance with the Hague Convention on or before March 28, 2022. Dkt. No. 29, at 2–3 (mailing of relevant documents completed on March 14, 2022); *see also* Dkt. No. 25, at 3–4 (Plaintiffs' status report on service of process). Plaintiffs represent that the addresses for the Individual Defendants were harder to obtain, and that, despite their diligent efforts, they were not

---

[1] The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, is referred to as the "Hague Convention" throughout this Order.

[2] Plaintiffs request an extension of both 22 days (Dkt. No. 29, at 6), which would be to April 19, and 25 days (*id.* at 5), which would be to April 22. As the Court grants Plaintiffs' extension to the date of this Order, however, this point is moot.

1  able to complete the necessary steps on their end for Hague Convention service on Individual

2  Defendants until April 22. Dkt. No. 29, at 3–4.

3       Specifically, Plaintiffs represent that the Individual Defendants had each resigned from

4  Marinepolis Japan by February 2022. *Id.* at 3. To obtain their addresses, Plaintiff Mr. Omoto

5  applied to the Japanese Bureau of Financial Affairs to be granted permission to view the

6  Individual Defendants' resignation letters (which contain their addresses) and traveled 442 miles

7  to review the letters and obtain the Individual Defendants' addresses. *Id.* Plaintiffs then prepared

8  and mailed the documents to the Japanese Central Authority, as required to serve process on the

9  Individual Defendants under the Hague Convention, by April 22, 2022. *Id.* at 3–4.

10                        **II.    DISCUSSION**

11      A plaintiff ordinarily must serve a defendant with the complaint within 90 days of its

12  filing. Fed. R. Civ. P. 4(m). This 90-day limit "does not apply to service in a foreign country,"

13  *id.*, but a plaintiff also does not have "an unlimited time" for such foreign service, and the Court

14  may set a reasonable time limit. *See, e.g.*, *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation*

15  *Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (expressing concerns about failure to

16  serve foreign party and setting a deadline for such service). The Court also has broad discretion

17  to extend the time to serve process, considering such factors as the length of delay, "'prejudice to

18  the defendant, actual notice of a lawsuit, and eventual service.'" *See Efaw v. Williams*, 473 F.3d

19  1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th

20  Cir. 1998)) (examining district court's unexplained denial of motion to dismiss based on

21  insufficient service); *see also Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)

22  (holding that courts may extend time for service even after the deadline has expired).

23      As an initial matter, the Court notes that Plaintiffs failed to make the deadline to serve the

24  Individual Defendants or to make a timely motion for an extension of time to serve them.

ORDER GRANTING MOTION
TO EXTEND TIME FOR SERVICE - 3

1   Specifically, the Court previously set a deadline of March 28, 2022 for Plaintiffs to take all

2   necessary steps to serve foreign Defendants. Dkt. No. 17. In their status report, Plaintiffs

3   requested additional time to serve the foreign Defendants, Dkt. No. 25, at 4–5, but did not file an

4   actual motion until May 1, 2022. The original, informal request for an extension was also made

5   one day after the deadline had passed. Plaintiffs are reminded, in accordance with the local rules

6   and Judge Lin's Chambers Procedures, that the Court is under no obligation to grant relief from

7   missed deadlines and untimely motions may be summarily denied, stricken, or ignored. *See* LCR

8   7(j); Judge Tana Lin, Standing Order for All Civil Cases, Section II.G (last updated Apr. 26,

9   2022), https://www.wawd.uscourts.gov/judges/lin-procedures. Failure to follow the requirements

10  set forth in the Chambers Procedures may also result in the imposition of sanctions. *See* Dkt. No.

11  20 (order directing Parties to review Chambers Procedures).

12        In any case, Plaintiffs have shown that they pursued service on each foreign Defendant

13  diligently, including by personally traveling over 400 miles to review documents containing the

14  addresses of the Individual Defendants. *See* Dkt. No. 29, at 3. Plaintiffs managed to complete the

15  necessary steps to serve the Individual Defendants less than a month after the expiration of the

16  March 28 deadline. Service on the Individual Defendants is thus largely complete, pending the

17  result of Plaintiffs' efforts to follow the Hague Convention process. The Court recognizes that

18  service of process abroad can be time-consuming and difficult, and the extension that Plaintiffs

19  seek is relatively modest and seems unlikely to cause a significant delay or prejudice to any

20  Party.

21

22

23

24

ORDER GRANTING MOTION
TO EXTEND TIME FOR SERVICE - 4

Accordingly, the Court grants Plaintiffs' request for an extension of time to serve process on Defendants. Rather than granting the extension retroactively to April 22, 2022, however, the Court extends Plaintiffs' time to serve Defendants to the date of this Order.[3]

### III.   CONCLUSION

For the reasons above, the Motion to Extend (Dkt. No. 29) is GRANTED, and Plaintiffs' time to take all steps necessary to serve the foreign Defendants is extended to the date of this Order.

Dated this 8th day of June 2022.

Tana Lin
United States District Judge

---

[3] The U.S. Supreme Court has recently cautioned courts against certain orders that apply retroactively. *See Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696, 700–01 (2020) ("Federal courts may issue nunc pro tunc orders, or 'now for then' orders, to 'reflect the reality' of what has already occurred, . . . . '[They] are not some Orwellian vehicle for revisionist history—creating "facts" that never occurred in fact.'" (citations omitted)).

ORDER GRANTING MOTION
TO EXTEND TIME FOR SERVICE - 5