UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAISAKU SUZUKI et al,<br><br>    Plaintiff(s),<br>v.<br><br>MARINEPOLIS USA, INC. et al,<br><br>    Defendant(s). | CASE NO. 2:21-cv-01229-TL<br><br>ORDER ON MOTION FOR EXTENSION OF TIME TO SERVE |

This matter comes before the Court on Plaintiffs' Motion to Modify the Court's June 8, 2022 Order Extending Time for Service in Japan (Dkt. No. 38), seeking to modify this Court's June 8 order that extended the time to serve the individual Defendants in this action under the Hague Service Convention (Dkt. No. 34).

This is an action brought by two individual Plaintiffs against two related restaurant companies and individuals formerly associated with the companies ("Defendants") for unpaid wages under the Fair Labor Standards Act and Washington state statute. Dkt. No. 1.

Since the Court issued an order on January 20, 2022 directing Plaintiffs to file proofs of service for Defendants or move for an extension of time to serve Defendants if needed (Dkt. No. 10), Plaintiffs have seemingly worked diligently to ensure that each Defendant is served with process, including by working to serve Defendants Mitsuyoshi Inohara and Ichiro Machida (together, the "Individual Defendants") as well as Defendant Marinepolis Co., Ltd., all three of whom are located in Japan, through the Hague Service Convention. Dkt. Nos. 13, 29, 38. Service under the Hague Service Convention can be notoriously difficult and time-consuming, and on June 8, 2022, the Court granted Plaintiffs' request for an extension of time to serve the Individual Defendants under the Hague Service Convention and extended the deadline to June 8, the date of the order. Dkt. No. 34 at 4–5.

On September 8, Plaintiffs filed a new motion for an extension of time to serve the Individual Defendants, seeking to modify the Court's June 8 order to extend the time to serve Defendants to June 14, 2022. Dkt. No. 38 at 1–2. Plaintiffs represent[1] that, after having completed all the steps necessary to serve the Individual Defendants by March 28, Plaintiffs received word from the Japanese Central Authority that there had been certain errors that prevented the completion of service of process. Dkt. No. 38 at 3. Plaintiffs worked to correct the errors and, on June 14, re-mailed the necessary papers to the Japanese Central Authority to serve the Individual Defendants in Japan. *Id.* Notably, both Individual Defendants have appeared in the action since Plaintiffs' September 8 motion; both assert insufficient service of process as an affirmative defense. *See* Dkt. No. 40 at 13; Dkt. No. 41 at 13.

The Court is disturbed that Plaintiffs waited for several months to file this motion, especially as they were previously warned about requesting extensions after a deadline. *See* Dkt.

---

[1] While Plaintiffs are forgiven for this error in this instance, the Court reminds Plaintiffs that new facts in a motion must be supported by a supporting declaration or affidavit as needed. *See generally* Local Civil Rule 7(b)(1).

ORDER ON MOTION FOR
EXTENSION OF TIME TO SERVE - 2

No. 34 ad 3-4.[2] Nevertheless, having considered the Motion and the relevant record, and no objections having been filed, the Court hereby GRANTS Plaintiffs' request for an extension of time to serve Defendants. The Court adopts the reasoning in Plaintiffs' proposed order accompanying their motion to extend (Dkt. No. 38-1 at 3–4) and finds sufficient cause to further EXTEND the time for Plaintiffs to serve process on Defendants to the **date of this Order** (**September 23, 2022**). However, the Court again reminds Plaintiffs that: (1) the Court is under no obligation to grant relief from missed deadlines and that untimely motions may be summarily denied, stricken, or ignored; and (2) failure to follow the requirements set forth in the Chambers Procedures may also result in the imposition of sanctions. *See* Dkt. No. 34 at 3–4.

Dated this 23rd day of September 2022.

Tana Lin
United States District Judge

---

[2] Plaintiffs state that the Consulate General of Japan on behalf of the Central Authority returned the documents to them via federal express on May 31, 2022. Dkt. No. 38 at 3. Plaintiffs had a pending Motion to Extend Time for Service at that point and could have supplemented their motion to alert the Court to the issue. Dkt. No. 29.

ORDER ON MOTION FOR
EXTENSION OF TIME TO SERVE - 3