UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAISAKU SUZUKI et al,<br><br>    Plaintiff(s),<br>    v.<br><br>MARINEPOLIS USA, INC. et al,<br><br>    Defendant(s). | CASE NO. 2:21-cv-01229-TL<br><br>ORDER ON MOTION TO DISMISS |

This is an action for unpaid wages arising under federal statute, state statute, and common law. Dkt. No. 8 at 19–24. This matter is before the Court on Defendant Marinepolis USA, Inc.'s motion to dismiss claims asserted against it for failure to state a claim. Dkt. No. 30 (the "Motion to Dismiss"). Having considered the relevant record, the Court DENIES the Motion to Dismiss.

## I. BACKGROUND

Plaintiffs Daisaku Suzuki and Kazuya Omoto are Japanese citizens and residents who bring claims for unpaid wages and related relief against (1) their former employers, Marinepolis USA, Inc. ("Marinepolis USA") and Marinepolis Co., Ltd. ("Marinepolis Japan"), and (2) two

individuals formerly associated with the Marinepolis entities. Dkt. No. 8 at 1–3, 24. Plaintiffs allege that they were employees of Marinepolis Japan who were transferred to work in one or more of Marinepolis USA's six restaurants in Washington state. *Id.* ¶¶ 1.3, 3.2. Plaintiffs essentially allege that they were underpaid during their employment with the Marinepolis entities in the United States. *Id. passim*.

Plaintiffs allege that Marinepolis USA is an Oregon corporation that closed its operations and was dissolved, leaving "no assets or adequate insurance to cover creditors' claims, including Plaintiff[s'] claims." *Id.* at 1–2, 7–8. Marinepolis Japan is a Japanese corporation. *Id.* ¶ 1.4. Plaintiffs allege that Marinepolis Japan owned 100% of Marinepolis USA at all relevant times (*id.* ¶ 1.4), that the two Marinepolis entities were both Plaintiffs' employers (*id.* ¶¶ 1.8–1.10, 3.1–3.2), and generally that the two Marinepolis entities were so entangled that they operated as a single company (*see, e.g.*, *id.* ¶¶ 3.11, 3.15–3.25).

Marinepolis USA moves to dismiss the claims asserted against it under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. Nos. 30, 33. Plaintiffs oppose. Dkt. No. 32. All Defendants have appeared in this matter. *See, e.g.*, Dkt. Nos. 30, 35, 40, 41. Trial in this matter is set to commence on October 2, 2023. Dkt. No. 43.

## II.  LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a FRCP 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III. DISCUSSION

The Parties do not dispute that Marinepolis USA has been dissolved under Oregon law. Dkt. No. 30 at 3 (Motion to Dismiss, citing to the Complaint). Marinepolis USA argues that Plaintiffs' claims against it must be dismissed because the Oregon Business Corporation Act bars Plaintiffs from enforcing their claims. Dkt. No. 30 at 3. Plaintiffs argue that an inability to *enforce* a judgment does not foreclose the assertion of claims. Dkt. No. 32 at 4–6. The Parties also dispute whether Plaintiffs' allegation that Marinepolis USA has "no assets or adequate insurance" leaves enough room for the possibility that some amount of a judgment against Marinepolis USA can be enforced. *See* Dkt. No. 32 at 6–8; Dkt. No. 33 at 3–4. In its reply, Marinepolis USA newly argues that the purported lack of enforceability deprives Plaintiffs of standing to bring their claims against Marinepolis USA. Dkt. No. 33 at 2.

Although Marinepolis USA and Plaintiffs rely on various arguments picking apart the language of Oregon statutory provisions and the Complaint, the issue is simple: Whether Marinepolis USA's dissolution under Oregon law prevents Plaintiffs from asserting claims against it. It does not.

The Parties focus on the language of Oregon Revised Statutes ("ORS") § 60.645, which states:

> A claim against a dissolved corporation that is not barred under ORS [§§] 60.641 or 60.644[1] *may be enforced*:
>
> (1) Against the dissolved corporation to the extent of the dissolved corporation's undistributed assets, including, without limitation, any insurance assets held by or for the benefit of the dissolved corporation that are available to satisfy the claim; or
>
> (2) If the assets have been distributed in liquidation, against the shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less. A shareholder's total liability for all claims under this section may not exceed the total value of assets distributed to the shareholder, as of the date or dates of distribution, less any liability of the corporation paid on behalf of the corporation by that shareholder after the date of the distribution.

(emphasis added). The Parties dispute whether a claim against Marinepolis USA is enforceable under this provision.

This inquiry, however, is premature and puts the cart before the horse. Enforcement assumes that litigation has concluded and a judgment issued in the plaintiff's favor. This case is yet in its early stages, and the issue is simply whether Plaintiffs may *sue* Marinepolis USA. FRCP 17(b)(2) provides that the capacity for a corporation to be sued is determined by the law under which it was organized. As Plaintiffs note, Oregon law—which governs Marinepolis USA—specifically provides that "[d]issolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in the corporation's corporate name . . . ." ORS § 60.637(2)(e); *see also Van Nguyen v. Specialized Loan Servicing LLC*, No. C18-655, 2018 WL 6519031, at *1 (D. Or. Nov. 13, 2018) (citing ORS § 60.637) ("Under

---

[1] No Party argues that either provision is relevant here.

ORDER ON MOTION TO DISMISS - 4

Oregon law, a dissolved corporation does not automatically cease to exist . . . ."). Therefore, Marinepolis USA has the capacity to be sued. In any case, Plaintiffs do not need to allege that a defendant who is a dissolved Oregon corporation has assets to satisfy a judgment at the Rule 12(b)(6) stage. *See* Fed. R. Civ. P. 9(a)(1)(A) ("[A] pleading need not allege . . . a party's capacity to sue or be sued . . . ."); *see also Ironwood Homes, Inc. v. Bowen*, No. C08-98, 2010 WL 2465384, at *2 (D. Or. June 14, 2010) (denying Rule 12(b)(6) motion to dismiss because plaintiffs "need not allege [dissolved Oregon corporation] has undistributed assets to satisfy a judgment").

Further, Marinepolis USA has not shown that Plaintiffs' ability to enforce a judgment against Marinepolis USA is absolutely foreclosed. The Parties rely on the Complaint's allegation that Marinepolis USA has "no assets or *adequate* insurance to cover creditors' claims, including Plaintiff[s'] claims." Dkt. No. 8 ¶ 3.25 (emphasis added). Taking the Complaint on its face as true and drawing inferences in Plaintiffs' favor (as the Court must), the Complaint does not foreclose the possibility that Plaintiffs may be able to partially recover under some sort of insurance coverage, some piercing of the corporate veil between the Marinepolis entities, or any of Marinepolis USA's assets distributed to Marinepolis Japan from liquidation, *see* ORS § 60.645(2) (providing that a claim against dissolved corporation may be enforced against each shareholder if assets were distributed in liquidation).

Marinepolis USA also belatedly argue that Plaintiffs lack standing to bring claims against it in its reply brief (Dkt. No. 33 at 2), which deprived Plaintiffs of a chance to respond to the argument. The Court finds the belated argument to be improper. *See e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's refusal to consider an argument raised for the first time in reply).

Acknowledging, however, that standing is a threshold and non-waivable jurisdictional issue, the Court briefly notes that Marinepolis USA's argument based on standing appears to be premature. To have standing, a plaintiff must have an injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Marinepolis USA cites no case law and simply states "it should be apparent without further citation that . . . when a statute does not allow a claim to be enforced, that claim is *per se not* redressed by a favorable decision." Dkt. No. 33 at 3. This is misleadingly stated—the actual issue is whether a plaintiff's inability to ultimately recover damages from a defendant deprives the plaintiff of standing. And on this, the Court has found limited and conflicting case law. *Compare XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 65 (D.D.C. 2015) ("**[**R]edressability does not involve consideration of whether a plaintiff actually will, or even could, receive the requested relief . . . ; rather, it . . . *assumes* that the plaintiff can and will prevail and get relief, and considers only the extent to which [the] requested remedy relates to the alleged harm." (emphasis in original)), *with ChinaCast Educ. Corp. v. Chen Zhou Guo*, No. C15-5475, 2016 WL 10653269, at *2 n.1 (C.D. Cal. Jan. 8, 2016) (disagreeing with *XP Vehicles, Inc.* and finding that redressability is "a practical requirement to ensure not only that the relief will redress the injury alleged but also that the relief will reach the injured party in a concrete factual context"). For the reasons above, however, it is not clear at this early stage that a claim against Marinepolis USA would be unenforceable, and so Marinepolis USA's argument is premature, to the extent that it holds any merit.[2]

---

[2] In *Herring v. FDIC*, the Ninth Circuit held that plaintiff shareholders who "have no chance of recovering on their underlying claim, and thus no interest in the litigation," lacked standing. 82 F.3d 282, 284–85 (9th Cir. 1995) ("The shareholders could not recover funds even if their fraud allegations were true; the shareholders thus lack standing to challenge that fraud."). But this holding came upon review of a summary judgment motion, with clearer and undisputed facts as to whether plaintiffs could actually recover damages from the defendant, rather than at a pleading stage. *See id.* at 284–85; *see also Lujan*, 504 U.S. at 561 ("[E]ach element [of standing] must be supported

The Court has considered the Parties' remaining arguments and finds them moot or unavailing.

### IV.   CONCLUSION

Accordingly, the Court hereby ORDERS:

(1) Defendant Marinepolis USA's Motion to Dismiss (Dkt. No. 30) is DENIED.

(2) Marinepolis USA is DIRECTED to file an answer within **thirty (30) days** of this Order.

(3) All Parties are DIRECTED to confer and submit a joint status report within **fourteen (14) days** of this Order explaining whether good cause exists to set a new trial scheduling order and, if so, what schedule they request. The Parties shall also include the prospects for settlement, if any.

Dated this 30th day of March 2023.

Tana Lin
United States District Judge

---

in the same way as any other matter . . . with the manner and degree of evidence required at the successive stages of the litigation.").