UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAISAKU SUZUKI, et al.,<br><br>Plaintiff(s),<br>v.<br><br>MARINEPOLIS USA, INC., et al.,<br><br>Defendant(s). | CASE NO. C21-1229-KKE<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE DISMISSAL ORDER |

## I.      BACKGROUND

Plaintiffs filed this action against their former employers (Defendants Marinepolis USA, Inc., and Marinepolis Co., Ltd.) and two individuals formerly associated with the Marinepolis entities. Dkt. No. 8. Plaintiffs were employees of Marinepolis in Japan who were transferred to work in Marinepolis sushi restaurants in Washington state, and they allege that they were underpaid while they worked in Washington. *Id*.

Plaintiffs and Defendants eventually settled this matter and notified the Court, which entered an order dismissing all claims with prejudice. Dkt. No. 68. The November 7, 2023 dismissal order provided that "[i]n the event that the settlement is not perfected, any party may move to reopen the case within sixty (60) days of this order." *Id*.

The parties' settlement agreement required a payment on June 30, 2024, that was apparently not made. Dkt. No. 70 ¶¶ 4, 6. When Plaintiffs' counsel contacted the attorney who

ORDER DENYING PLAINTIFFS' MOTION TO VACATE DISMISSAL ORDER - 1

represented Defendants in this litigation, that attorney informed Plaintiffs' counsel that he no longer represented Defendants. *Id*. ¶ 7.

On November 6, 2024, Plaintiffs filed this motion to vacate the dismissal order under Federal Rule of Civil Procedure 60(b)(3), asking the Court to reopen the case to enforce the settlement agreement by entering a judgment against Defendants in an amount to be determined in further proceedings. Dkt. No. 69. Although Plaintiffs requested oral argument on this motion, the Court finds it suitable for resolution on the written record and, for the following reasons, will deny it.

## II.    ANALYSIS

Federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996). Instead, federal courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

In this case, the Court dismissed this action upon notification that the parties had settled all claims. *See* Dkt. No. 68. The dismissal order did not suggest that the Court would retain jurisdiction to enforce the settlement agreement, nor did it incorporate the terms of the settlement agreement into the dismissal order. *Id*. It merely provided that either party could move to reopen the case within 60 days of the dismissal if settlement was not perfected. *Id*. Settlement here was perfected within 60 days, but Plaintiffs allege that Defendants breached the terms of the settlement agreement more than six months after the case was dismissed. *See* Dkt. Nos. 69, 70.

Under these circumstances, the Court lacks jurisdiction to enforce the parties' settlement agreement. Although Plaintiffs attempt to characterize Defendants' alleged conduct as fraud, in order to place this situation within the bounds of Federal Rule of Civil Procedure 60(b)(3) (Dkt. No. 69 at 1), they have failed to allege that the case was settled on a fraudulent basis. Instead, they describe a breach of the settlement agreement (Dkt. No. 70 ¶¶ 4–8), and the settlement agreement itself indicates that if a party breaches the agreement, "the non-breaching Party or Parties may institute an action to specifically enforce any term or terms of this Agreement or receive a monetary judgment for damages in any court of competent jurisdiction." Dkt. No. 70-1 at 8. This Court does not have jurisdiction over that claim, and will therefore deny Plaintiffs' motion to vacate the dismissal order and enforce the settlement agreement.

### III.    CONCLUSION

For these reasons, the Court DENIES Plaintiffs' motion to vacate the dismissal order (Dkt. No. 69). As a result of that disposition, the Court DENIES Defendants' counsel's motion to withdraw representation (Dkt. No. 71) as MOOT.

Dated this 19th day of December, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge