UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAISAKU SUZUKI, et al.,

                Plaintiff(s),

    v.

MARINEPOLIS USA, INC., et al.,

                Defendant(s).

CASE NO. C21-1229-KKE

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW REPRESENTATION

After the Court ordered the parties to file a post-remand joint status report no later than May 1, 2026 (Dkt. No. 80), Defendants' counsel filed a motion to withdraw representation. Dkt. No. 81. Plaintiffs did not file an opposition to that motion.

The local rules of this district set out the procedure by which attorneys may withdraw:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). … The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case, and at the discretion of the court in a criminal case.

Local Rules W.D. Wash. LCR 83.2(b)(1). Business entities other than sole proprietorships must be represented by counsel and cannot proceed *pro se*. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; LCR 83.2(b)(4). If the withdrawing attorney represents a business entity, "failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW REPRESENTATION - 1

entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4). Whether to grant an attorney's motion to withdraw is committed to the trial court's discretion. *See John v. Quality Loan Serv. Corp. of Wash.*, 857 F. App'x 943, 943 (9th Cir. Sep. 3, 2021).

In this case, Defendants' counsel has complied with the technical requirements of LCR 83.2(b). This case is in a post-remand posture and no case schedule is currently set. If Defendants find replacement counsel, that replacement should not result in undue delay to the progress of this litigation.

Accordingly, the Court GRANTS Defendants' counsel's unopposed motion to withdraw (Dkt. No. 81), effective June 8, 2026. Defendants' outgoing counsel shall email and mail this order to Defendants and file a certificate of service on the docket. If replacement counsel does not appear by June 8, 2026, then the Court will order the corporate Defendants to show cause why an order of default should not be entered against them.

Dated this 8th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW REPRESENTATION - 2